**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CHRISTINE O'KEEFE,                          Civil Action
individually and as Administrator of the
ESTATE OF CYNTHIA FISCHER, deceased,        No. 2:22-cv-1178

                Plaintiff,

    v.

RUSTIC RAVINES, LLC, a West Virginia
limited liability company; PREMIER
POWERSPORTS RENTAL, LLC, a Kentucky
limited liability company,

                Defendants.          JURY TRIAL DEMANDED

## COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff CHRISTINE O'KEEFE, individually and as Administrator of the ESTATE OF CYNTHIA FISCHER, by and through her attorney, MICHAEL P. O'DAY, ESQUIRE, and files the instant Complaint in Civil Action, averring the following to the best of counsel's knowledge, information, and belief:

### PARTIES

1.    Plaintiff Christine O'Keefe (hereinafter "Plaintiff O'Keefe") is an adult individual currently residing at 298 Kleber Road, Glenshaw, PA 15116, and is the surviving mother of the Decedent. Plaintiff O'Keefe is a citizen of Pennsylvania.

2.    Plaintiff was appointed as sole Administrator of the Estate of Decedent on July 20, 2022, pursuant to a filing before the Register of Wills of Allegheny County at No. 02-2104381.

3.    At the time of her death on April 25, 2021, Decedent was 41 years old, unmarried, and did not have any children.

4.      At the time of her death, Decedent was survived by her biological parents, Christine O'Keefe and John Fischer.

5.      On April 25, 2021, Decedent was domiciled at 120 Berryhill Road, Glenshaw, PA 15116.

6.      Defendant, Rustic Ravines, LLC (hereinafter "Rustic Ravines") is a limited liability company with members, organized and existing under the laws of the State of West Virginia, with its principal place of business at 2575 Hampton Ridge Rd, Genoa, WV 25517.  Rustic Ravines is a citizen of West Virginia.

7.      Joseph Boffo (hereinafter "Boffo") is a member of Rustic Ravines, LLC with a current address of 200 Cassidy Lane, Genoa, WV 25517.  Boffo is a citizen of West Virginia.

8.      Paul Liimatta (hereinafter "Liimatta") is a member of Rustic Ravines with a current address of 6026 SR 656, Sunbury, OH 43074.  Liimatta is a citizen of Ohio.

9.      Defendant Premier Powersports Rental, LLC (hereinafter "Premier Powersports") is a single-member limited liability company, organized and existing under the laws of the State of Kentucky, with its principal place of business at 220 Town Hill Road, Louisa, KY 41230. Premier Powersports is a citizen of Kentucky.

10.     William Lucas (hereinafter "Lucas") is a member of Premier Powersports with a current address of 220 Town Hill Road, Louisa, KY 41230.

## JURISDICTION AND VENUE

11.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

12.     Venue is proper insofar as this Court has specific personal jurisdiction over the Defendants.

13.     Specifically, at all relevant times, Defendants continuously and systematically targeted advertisements in the form of social media posts and interstate billboards of its resort and ATV rental services to southwestern and western Pennsylvania.

14.     These activities give rise to the instant matter.

## STATEMENT OF CLAIM

15.     The instant civil action arose from a fatal ATV rollover that took place on April 25, 2021 at approximately 12:03 p.m. along the Hatfield-McCoy Trails System, located in southwestern West Virginia. The Hatfield-McCoy Trail System which consists of 800 miles of mountainous, rugged trails, wherein ATV accidents involving fatalities and/or serious injuries are known to commonly occur.

16.     On that date, Decedent and her boyfriend, Ryan Wingerson, were guests and therefore business invitees at Rustic Ravines, which is located near the Cabwaylingo State Park trailhead that connects with the Hatfield-McCoy Trails System.

17.     Rustic Ravines promotes itself as a premier log cabin resort that offers ATV rentals and guided ATV tours of the various trails in the surrounding area.

18.     Upon information and belief, Premier Powersports contracted with Rustic Ravines to supply the ATVs and helmets being offered by Rustic Ravines to its guests.

19.     Rustic Ravines  permits their guests and/or business invitees to purchase trail riding permits, rent ATVs and helmets from Rustic Ravines and/or Premier Powersports for the purpose of riding onto the nearby Hatfield-McCoy Trails System.

20.     On April 24, 2021, Decedent and her boyfriend signed a "Power Sports Rental Agreement and Conditions".

21.     On April 25, 2021, Boffo provided Decedent and her boyfriend with a trail riding permit and ATVs and half-shell motorcycle helmets supplied by Premier Powersports.

22.     Boffo did not provide Decedent and her boyfriend with full-face helmets, which are recommended by the National Highway Transportation Safety Administration for off-road activities, such as ATV riding, and would have provided the most head, eye, face, and chin protection.  (https://www.nhtsa.gov/motorcycle-safety/choose-right-motorcycle-helmet).

23.     Instead, Boffo provided Decedent with a Fuel, half-shell, open-face motorcycle helmet, which only provides minimal protection according to NHTSA and is marketed by Fuel for motorcycle   use.      (https://www.nhtsa.gov/motorcycle-safety/choose-right-motorcycle-helmet; https://fuelhelmets.com/index.php/helmets/half-helmets/adult-deluxe-shorty-motorcycle-half-helmet-gloss-black.html)

24.     Rustic Ravines and Premier Powersports knowingly and recklessly chose not to provide full-face helmets to Rustic Ravines' guests, despite having the opportunity to do so.

25.     On the above date, Boffo provided Decedent with an ATV that was too large for her weight and height.

26.     On the above date, upon information and belief, neither Rustic Ravines nor Premier Powersports provided any training or warning to Decedent and her boyfriend about their helmets, how to operate the ATVs, or about the rules, conditions, and dangers of the Hatfield-McCoy Trails Systems.

27.    Specifically, neither Rustic Ravines nor Premier Powersports instructed Decedent or her boyfriend about the significance of using four-wheel drive, instead of two-wheel drive high speed, on the rugged trails of the Hatfield-McCoy Trails System.

28.    On the above date, Decedent and her boyfriend left Rustic Ravines' property and proceeded to ride ATVs onto the Cabwaylingo Trail within the Hatfield-McCoy Trails System.

29.    Decedent and her boyfriend were unfamiliar with the Trails System and were unaware of the slippery, dangerous conditions of the mountainous trails.

30.    On the above date and time, Decedent operated her ATV up a hill on Trail 82 that had a blind left-hand turn.

31.    At that time, the conditions of the trails were slippery due to recent rain.

32.    At that time, Decedent's ATV was in two-wheel high gear, but should have been in four-wheel low gear.

33.    Decedent's ATV went up the left hillside, which caused the ATV to flip back and land on Decedent in the right eye area, fracturing the skull.

34.    Decedent's right eye area was crushed, which resulted in profuse bleeding from the head, brain matter to leak from the eye socket area, and Decedent laboring to breath.

35.    Decedent's boyfriend attempted to resuscitate her with CPR for several minutes, but he was unsuccessful.

36.    Decedent stopped breathing at some point after the crash.

**COUNT I**
**SURVIVAL ACTION - NEGLIGENCE**
**CHRISTINE O'KEEFE, individually and as Administrator of the ESTATE OF**
**CYNTHIA FISCHER v. RUSTIC RAVINES, LLC**

37.    Plaintiff incorporates by reference the preceding paragraphs as though set forth more fully herein.

38.     At all relevant times, Rustic Ravines, as the vendor supplying trail riding permits, ATVs, and helmets for its guests to use on the Hatfield-McCoy Trails System, owed Decedent a duty of care to protect against foreseeable risks of harm associated with operating ATVs on the Trail System.

39.     At all relevant times, Rustic Ravines owed Decedent a duty of care to provide the safest possible equipment and body protection necessary to prevent foreseeable risks of harm associated with operating ATVs provided by Rustic Ravines.

40.     At all relevant times, Rustic Ravines owed Decedent a duty of care to provide appropriate instruction and training on how to operate ATVs and about the risks and dangers associated with operating ATVs on the Trail System.

41.     Rustic Ravines knew or should have known of Decedent's inexperience with riding ATVs, her unfamiliarity with the Trail System and that these factors could lead to serious bodily injury or death.

42.     Rustic Ravines knew or should have known of the inherent dangers of the Trail System and properly warned Decedent of the dangers and provided her with proper training and instruction.

43.     Rustic Ravines breached its duty of care and failed to protect Decedent from foreseeable risks of harm in the following particulars:

a.      By failing to provide the safest possible equipment and body protection, including failing to provide Decedent with an industry standard full-face helmet commonly associated with ATV riding;

b.      By failing to provide Decedent with a properly sized ATV given her height and weight;

c.      By failing to instruct and train Decedent on how to operate the ATV issued by Rustic Ravines;

d.     By failing to instruct, train, and warn Decedent about the Hatfield-McCoy Trail System, particularly about how to operate an ATV on the rugged, mountainous terrain; and

e.     By failing to warn Decedent about the dangers associated with operating the ATV on slippery trails after it had recently rained.

44.     As a direct and proximate result of Rustic Ravines' negligence, carelessness, and recklessness, Decedent suffered the following injuries and damages:

a.     Blunt force trauma to the head, right eye area, and face;

b.     Exposed brain matter leaking from the right eye socket;

c.     Significant injuries to her upper extremities;

d.     Significant bleeding;

e.     Conscious pain and suffering and/or pre-impact fear;

f.     Pain and suffering after the crash;

g.     Death;

h.     Loss of income and future earnings; and

i.     Other losses and damages recoverable by law.

45.     Plaintiff, as Administrator, brings this Survival Action under 42 Pa. C.S. §8302 on behalf of the Estate of Decedent.

WHEREFORE, Plaintiff, individually and as Administrator of the Estate of Decedent demands judgment on the Survival Action against Defendant Rustic Ravines in the form of compensatory and punitive damages in excess of $75,000, plus Pa. R.C.P 238 damages.

**COUNT II**
**SURVIVAL ACTION - NEGLIGENCE**
**CHRISTINE O'KEEFE, individually and as Administrator of the ESTATE OF CYNTHIA FISCHER v. PREMIER POWERSPORTS RENTAL, LLC**

7

46.     Plaintiff incorporates by reference the preceding paragraphs as though set forth more fully herein.

47.     At all relevant times, Premier Powersports, as the rental company supplying ATVs and helmets to Rustic Ravines for guests to use on the Hatfield-McCoy Trails System, owed Decedent a duty of care to protect against foreseeable risks of harm associated with operating ATVs on the Trail System.

48.     At all relevant times, Premier Powersports owed Decedent a duty of care to provide the safest possible equipment and body protection for ATV riding necessary to prevent foreseeable risks of harm associated with operating ATVs.

49.     Premier Powersports breached its duty of care and failed to protect Decedent from foreseeable risks of harm in the following particulars:

a.     By failing to provide the safest possible equipment and body protection for ATV riding, specifically, by failing to provide Decedent with an industry standard full-face helmet commonly associated with ATV riding;

b.     By failing to provide instruction and training to Decedent on how to operate the ATV supplied by Premier Powersports;

c.     By failing to instruct, train, and warn Decedent about the Hatfield-McCoy Trail System, particularly about how to operate the company's ATV on the rugged, mountainous terrain;

d.     By failing to warn Decedent about the dangers associated with operating the ATV on slippery trails after it had recently rained; and

e.     By failing to delegate the above-described instruction and training to Rustic Ravines or ensuring that Rustic Ravines provided such instruction and training to the consumer, specifically Decedent.

50.     As a direct and proximate result of Premier Powersports' negligence, carelessness, and/or recklessness, Decedent suffered the following injuries and damages:

a.     Blunt force trauma to the head, right eye area, and face;

8

b.      Exposed brain matter leaking from the right eye socket;

c.      Significant injuries to her upper extremities;

d.      Significant bleeding;

e.      Conscious pain and suffering and/or pre-impact fear;

f.      Pain and suffering after the crash;

g.      Death;

h.      Loss of income and future earnings;

i.      Other losses and damages recoverable by law.

51.     Plaintiff, as Administrator, brings this Survival Action under 42 Pa. C.S. §8302 on behalf of the Estate of Decedent.

WHEREFORE, Plaintiff, individually and as Administrator of the Estate of Decedent demands judgment on the Survival Action against Defendant Premier Powersports in the form of compensatory and punitive damages in excess of $75,000, plus Pa. R.C.P 238 damages.

### COUNT III
### WRONGFUL DEATH ACTION
**CHRISTINE O'KEEFE, individually and as Administrator of the ESTATE OF CYNTHIA FISCHER v. RUSTIC RAVINES, LLC**

52.     Plaintiff incorporates by reference the preceding paragraphs as though set forth more fully herein.

53.     The following individuals are heirs at law to the Estate of Decedent and are entitled to inherit from the Estate in accordance with the Testate Succession Law of the Commonwealth of Pennsylvania:

a.      John Fischer, surviving father of Decedent; and

b.      Christine O'Keefe, surviving mother of Decedent.

9

54.     Plaintiff as Administrator of the Estate of Decedent for the benefit of herself as the Wrongful Death claimant and the Estate of Decedent brings this Wrongful Death Action under 42 Pa. C.S. §8301.

55.     As a direct and proximate result of the negligence, carelessness, and recklessness of Defendant as described above, Plaintiff individually and as Administrator of the Estate of Decedent, and for the benefit of Decedent's surviving heirs have been damaged as follows:

   a.    Deprived of the support, services, society, comfort, care, and companionship of Decedent;

   b.    Deprived of Decedent's daily care, maintenance, and support of her disabled half-brother who resided with her;

   c.    Loss of the ability to maintain and sustain family relationships;

   d.    Loss of future earnings;

   e.    Profound emotional and psychological loss caused by the untimely death of Decedent;

   f.    Expenses incurred for estate administration, funeral and burial of Decedent;

   g.    Expenses incurred for assuming the daily care, maintenance, and support of the disabled half-brother;

   h.    Entitlement to reasonable costs of any and all medical, funeral, burial and estate expenses and other pecuniary losses due to the death of the Decedent; and

   i.    All damages allowed under the Pennsylvania Wrongful Death statute.

WHEREFORE, Plaintiff individually and as the Administrator of the Estate of Decedent demands judgment on behalf of the Wrongful Death claimants against Defendant Rustic Ravines in the form of compensatory and punitive damages in excess of $75,000, plus Pa. R.C.P. 238 damages.

**COUNT IV**
**WRONGFUL DEATH ACTION**
**CHRISTINE O'KEEFE, individually and as Administrator of the ESTATE OF**
**CYNTHIA FISCHER v. PREMIER POWERSPORTS RENTAL, LLC**

56.    Plaintiff incorporates by reference the preceding paragraphs as though set forth more fully herein.

57.    The following individuals are heirs at law to the Estate of Decedent and are entitled to inherit from the Estate in accordance with the Testate Succession Law of the Commonwealth of Pennsylvania:

a.    John Fischer, surviving father of Decedent; and

b.    Christine O'Keefe, surviving mother of Decedent.

58.    Plaintiff as Administrator of the Estate of Decedent for the benefit of herself as the Wrongful Death claimant and the Estate of Decedent brings this Wrongful Death Action under 42 Pa. C.S. §8301.

59.    As a direct and proximate result of the negligence, carelessness, and recklessness of Defendant as described above, Plaintiff individually and as Administrator of the Estate of Decedent, and for the benefit of Decedent's surviving heirs have been damaged as follows:

a.    Deprived of the support, services, society, comfort, care, and companionship of Decedent;

b.    Loss of the ability to maintain and sustain family relationships;

c.    Loss of future earnings;

d.    Profound emotional and psychological loss caused by the untimely death of Decedent;

e.    Expenses incurred for estate administration, funeral and burial of Decedent;

f.    Entitlement to reasonable costs of any and all medical, funeral, burial and estate expenses and other pecuniary losses due to the death of the Decedent; and

g.    All damages allowed under the Pennsylvania Wrongful Death statute.

WHEREFORE, Plaintiff individually and as the Administrator of the Estate of Decedent demands judgment on behalf of the Wrongful Death claimants against Defendant Premier Powersports in the form of compensatory and punitive damages in excess of $75,000, plus Pa. R.C.P. 238 damages.

**COUNT V**
**INTENTIONAL SPOLIATION**
**CHRISTINE O'KEEFE, individually and as Administrator of the ESTATE OF**
**CYNTHIA FISCHER v. RUSTIC RAVINES, LLC**

60.    Plaintiff incorporates by reference the preceding paragraphs as though set forth more fully herein.

61.    Defendant Rustic Ravines was aware of a potential civil action stemming from the events described above as early as May 28, 2021 when Plaintiff's attorney sent a letter of representation to Rustic Ravines.

62.    At some point shortly after May 28, 2021, Plaintiff's attorney began to inquire about the location of the helmet Decedent was wearing at the time of her death.

63.    Plaintiff's attorney was informed that upon conclusion of an investigation of Decedent's accident and death by the West Virginia Division of Natural Resources, the helmet was retained by the Dunlow Fire Department.

64.    Upon information and belief, the Fire Department told Defendants that if they did not want the helmet back, the helmet would be destroyed.

65.    Upon information and belief, Defendants informed the Fire Department that they did not want the helmet back, and they were aware that the Fire Department was going to destroy the helmet if they did not take it back.

66.     Upon information and belief, despite knowledge of a potential civil action, Defendant Rustic Ravines willfully permitted the destruction of Decedent's helmet after being put on notice of a potential civil action.

67.     Decedent's helmet is a crucial piece of evidence for Plaintiff's case.

68.     Specifically, Plaintiff would benefit from having the helmet examined by an expert for its safety and fitness for ATV riding, for evidence of prior damage or material defects, for information regarding when the helmet was manufactured, and whether there were any active recalls for the helmet at the time of Decedent's death.

69.     Upon information and belief, Rustic Ravines knew the helmet would be integral to the Plaintiff's case in a civil action.

70.     As a direct result of Rustic Ravines reckless and willful destruction of the helmet, Plaintiff has suffered damages.

71.     Specifically, Plaintiff is forever denied the opportunity to inspect the helmet and is highly prejudiced in her ability to fully prove her case.

WHEREFORE, Plaintiff, individually and as the Administrator of the Estate of Decedent, demands judgment against Defendant Rustic Ravines in the form of compensatory and punitive damages in excess of $75,000, and all other damages allowed under the law.

**COUNT VI**
**INTENTIONAL SPOLIATION**
**CHRISTINE O'KEEFE, individually and as Administrator of the ESTATE OF**
**CYNTHIA FISCHER v. PREMIER POWERSPORTS RENTAL, LLC**

72.     Plaintiff incorporates by reference the preceding paragraphs as though set forth more fully herein.

73.     Defendant Premier Powersports was aware of a potential civil action stemming from the events described above as early as April 30, 2021 when Defendant's insurance company sent a letter of representation to Decedent's Estate.

74.     At some point shortly thereafter, Plaintiff's attorney began to inquire about the location of the helmet Decedent was wearing at the time of her death.

75.     Plaintiff's attorney was informed that upon conclusion of an investigation of Decedent's accident and death by the West Virginia Division of Natural Resources, the helmet was retained by the Dunlow Fire Department.

76.     Upon information and belief, the Fire Department specifically communicated to the Defendants that if they did not want the helmet back, the helmet would be destroyed.

77.     Upon information and belief, Defendants informed the Fire Department that they did not want the helmet back, and they were aware that the Fire Department was going to destroy the helmet if they did not take it back.

78.     Upon information and belief, despite knowledge of a potential civil action, Premier Powersports willfully permitted and/or participated in the destruction of Decedent's helmet after being put on notice of a potential civil action.

79.     Decedent's helmet is a crucial piece of evidence for Plaintiff's case.

80.     Specifically, Plaintiff would benefit from having the helmet examined by an expert for its safety and fitness for ATV riding, for evidence of prior damage or material defects, for information regarding when the helmet was manufactured, and whether there were any active recalls for the helmet at the time of Decedent's death.

81.     Upon information and belief, Rustic Ravines knew the helmet would be integral to the Plaintiff's case in a civil action.

82.     As a direct result of Premier Powersports' reckless and willful destruction of the helmet, Plaintiff has suffered damages.

83.     Specifically, Plaintiff is forever denied the opportunity to inspect the helmet and is highly prejudiced in her ability to fully prove her case.

WHEREFORE, Plaintiff, individually and as the Administrator of the Estate of Decedent, demands judgment against Defendant Premier Powersports in the form of compensatory and punitive damages in excess of $75,000, and all other damages allowed under the law.

## COUNT VII
## PRODUCT LIABILTY - NEGLIGENCE
**CHRISTINE O'KEEFE, individually and as Administrator of the ESTATE OF CYNTHIA FISCHER v. RUSTIC RAVINES, LLC**

84.     Plaintiff incorporates by reference the preceding paragraphs as though set forth more fully herein.

85.     At all relevant times, Rustic Ravines supplied and/or distributed rental equipment, specifically helmets, to its guests, including Decedent.

86.     At all relevant times, Rustic Ravines owed Decedent a duty to warn about the defective use of the Fuel half-shell motorcycle helmet provided to her on April 25, 2021, specifically, that this type of helmet was not marketed for ATV use and would not provide adequate protection while riding an ATV, especially in the event of a collision.

87.     At all relevant times, Rustic Ravines failed to warn Decedent of the danger of using a half-shell motorcycle helmet for ATV riding insofar as these types of helmets do not provide full head, eye, facial, and jaw protection while riding an ATV and are not recommended by the NHTSA for off-road ATV riding.

88.     As a direct and proximate result of the negligence, carelessness, and recklessness of Defendant as described above, Decedent proceeded to wear the subject helmet and she suffered the following injuries and damages:

a.      Blunt force trauma to the head, right eye area, and face;

b.      Exposed brain matter leaking from the right eye socket;

c.      Significant injuries to her upper extremities;

d.      Significant bleeding;

e.      Conscious pain and suffering and/or pre-impact fear;

f.      Pain and suffering after the crash;

g.      Death;

h.      Loss of income and future earnings; and

i.      Other losses and damages recoverable by law.

WHEREFORE, Plaintiff, individually and as the Administrator of the Estate of Decedent, demands judgment against Defendant Rustic Ravines in the form of compensatory and punitive damages in excess of $75,000, and all other damages allowed under the law.

## COUNT VIII
## PRODUCT LIABILTY - NEGLIGENCE
**CHRISTINE O'KEEFE, individually and as Administrator of the ESTATE OF CYNTHIA FISCHER v. PREMIER POWERSPORTS RENTAL, LLC**

89.     Plaintiff incorporates by reference the preceding paragraphs as though set forth more fully herein.

90.     At all relevant times, Premier Powersports supplied and/or distributed rental equipment, specifically helmets, to Rustic Ravines knowing that their equipment would be rented to Rustic Ravines' guests.

91.     At all relevant times, Premier Powersports owed Decedent a duty to warn about the defective use of the Fuel half-shell motorcycle helmet provided to her on April 25, 2021, specifically, that this type of helmet was not marketed for ATV use and would not provide adequate protection while riding an ATV, especially in the event of a collision.

92.     At all relevant times, Premier Powersports failed to warn Decedent of the danger of using a half-shell motorcycle helmet for ATV riding insofar as these types of helmets do not provide full head, eye, facial, and jaw protection while riding an ATV and are not recommended by the NHTSA for off-road ATV riding.

93.     As a direct and proximate result of the negligence, carelessness, and recklessness of Defendant as described above, Decedent proceeded to wear the subject helmet and she suffered the following injuries and damages:

a.     Blunt force trauma to the head, right eye area, and face;

b.     Exposed brain matter leaking from the right eye socket;

c.     Significant injuries to her upper extremities;

d.     Significant bleeding;

e.     Conscious pain and suffering and/or pre-impact fear;

f.     Pain and suffering after the crash;

g.     Death;

h.     Loss of income and future earnings; and

i.     Other losses and damages recoverable by law.

WHEREFORE, Plaintiff, individually and as the Administrator of the Estate of Decedent, demands judgment against Defendant Premier Powersports in the form of compensatory and punitive damages in excess of $75,000, and all other damages allowed under the law.

<u>**COUNT IX**</u>
**<u>PRODUCTS LIABILITY – STRICT LIABILITY: DEFECTIVE USE</u>**
**CHRISTINE O'KEEFE, individually and as Administrator of the ESTATE OF**
**CYNTHIA FISCHER v. RUSTIC RAVINES, LLC**

94.     Plaintiff incorporates by reference the preceding paragraphs as though set forth more fully herein.

95.     At all relevant times, Rustic Ravines supplied and/or distributed rental equipment, specifically helmets, to its guests, including Decedent.

96.     On April 25, 2021, Rustic Ravines supplied and/or distributed a Fuel half-shell motorcycle helmet to Decedent.

97.     At all relevant times, the helmet provided to Decedent was defective due to Rustic Ravines' failure to warn Decedent regarding the dangers of wearing a half-shell motorcycle helmet while riding an ATV, as described in the above averments.

98.     As a direct and proximate cause of Rustic Ravines' failure to warn Decedent, she proceeded to wear the half-shell motorcycle helmet while riding an ATV and suffered the following injuries and damages:

a.     Blunt force trauma to the head, right eye area, and face;

b.     Exposed brain matter leaking from the right eye socket;

c.     Significant injuries to her upper extremities;

d.     Significant bleeding;

e.     Conscious pain and suffering and/or pre-impact fear;

f.     Pain and suffering after the crash;

g.     Death;

h.     Loss of income and future earnings; and

i.     Other losses and damages recoverable by law.

WHEREFORE, Plaintiff, individually and as the Administrator of the Estate of Decedent, demands judgment against Defendant Rustic Ravines in the form of compensatory and punitive damages in excess of $75,000, and all other damages allowed under the law.

**COUNT X**
**PRODUCTS LIABILITY – STRICT LIABILITY: DEFECTIVE USE**
**CHRISTINE O'KEEFE, individually and as Administrator of the ESTATE OF**
**CYNTHIA FISCHER v. PREMIER POWERSPORTS RENTALS, LLC**

99.     Plaintiff incorporates by reference the preceding paragraphs as though set forth more fully herein.

100.    At all relevant times, Premier Powersports supplied and/or distributed rental equipment, specifically helmets, to Rustic Ravines and its guests, including Decedent.

101.    At all relevant times, the half-shell helmet provided to Decedent was defective due to Premier Powersports' failure to warn Decedent regarding the dangers of wearing a half-shell motorcycle helmet while riding an ATV, as described in the above averments.

102.    As a direct and proximate cause of Premier Powersports' failure to warn Decedent, she proceeded to wear the half-shell helmet while riding an ATV and suffered the following injuries and damages:

a.      Blunt force trauma to the head, right eye area, and face;

b.      Exposed brain matter leaking from the right eye socket;

c.      Significant injuries to her upper extremities;

d.      Significant bleeding;

e.      Conscious pain and suffering and/or pre-impact fear;

f.      Pain and suffering after the crash;

g.      Death;

h.     Loss of income and future earnings; and

i.     Other losses and damages recoverable by law.

WHEREFORE, Plaintiff, individually and as the Administrator of the Estate of Decedent, demands judgment against Defendant Premier Powersports in the form of compensatory and punitive damages in excess of $75,000, and all other damages allowed under the law.

## COUNT XI
### PRODUCT LIABILTY – BREACH OF IMPLIED WARRANTY:  FITNESS FOR A PARTICULAR PURPOSE
**CHRISTINE O'KEEFE, individually and as Administrator of the ESTATE OF CYNTHIA FISCHER v. RUSTIC RAVINES, LLC**

103.    Plaintiff incorporates by reference the preceding paragraphs as though set forth more fully herein.

104.    At all relevant times, Rustic Ravines supplied and/or distributed ATV rental equipment, specifically helmets, to its guests, including Decedent.

105.    Rustic Ravines knew Decedent intended to use the half-shell motorcycle helmet and ATV provided to her for the purpose of riding on ATV trails in the Hatfield-McCoy Trails System.

106.    Rustic Ravines had reason to know that Decedent was relying upon Rustic Ravines' skill or judgment to select or furnish a helmet suitable for her.

107.    Decedent did in fact rely upon Rustic Ravines' representations that the half-shell motorcycle helmet provided to her would be fit for her particular intended use, namely riding an ATV on rugged trails.

108.    The half-shell helmet was not in fact fit for the particular use of riding an ATV on rugged trails insofar as it did not provide complete head, eye, facial, and jaw protection to Decedent in her rollover ATV collision on April 25, 2021.

109.    As a direct and proximate cause of Rustic Ravines' breach of the implied warranty of fitness for a particular purpose, Decedent suffered the following injuries and damages:

    a.    Blunt force trauma to the head, right eye area, and face;

    b.    Exposed brain matter leaking from the right eye socket;

    c.    Significant injuries to her upper extremities;

    d.    Significant bleeding;

    e.    Conscious pain and suffering and/or pre-impact fear;

    f.    Pain and suffering after the crash;

    g.    Death;

    h.    Loss of income and future earnings; and

    i.    Other losses and damages recoverable by law.

WHEREFORE, Plaintiff, individually and as the Administrator of the Estate of Decedent, demands judgment against Defendant Rustic Ravines in the form of compensatory and punitive damages in excess of $75,000, and all other damages allowed under the law.

### COUNT XII
### PRODUCT LIABILTY – BREACH OF IMPLIED WARRANTY:  FITNESS FOR A PARTICULAR PURPOSE
### CHRISTINE O'KEEFE, individually and as Administrator of the ESTATE OF CYNTHIA FISCHER v. PREMIER POWERSPORTS RENTALS, LLC

110.    Plaintiff incorporates by reference the preceding paragraphs as though set forth more fully herein.

111.    At all relevant times, Premier Powersports supplied and/or distributed ATV rental equipment, specifically helmets, to Rustic Ravines and its guests, including Decedent.

112.    Premier Powersports knew Rustic Ravines' guests, such as Decedent, intended to use the half-shell motorcycle helmet and ATVs they supplied to Rustic Ravines for the purpose of riding on ATV trails.

113.    Premier Powersports had reason to know that Rustic Ravines' guests were going to rely upon Rustic Ravines' skill or judgment to select or furnish a helmet suitable for her.

114.    Decedent did in fact rely upon Rustic Ravines' representations that the half-shell motorcycle helmet provided to her would be fit for her particular intended use, namely riding an ATV on rugged trails.

115.    The half-shell helmet was not in fact fit for the particular use of riding an ATV on rugged trails insofar as it did not provide complete head, eye, facial, and jaw protection to Decedent in her rollover ATV collision on April 25, 2021.

116.    As a direct and proximate cause of Premier Powersports' breach of the implied warranty of fitness for a particular purpose, Decedent suffered the following injuries and damages:

a.      Blunt force trauma to the head, right eye area, and face;

b.      Exposed brain matter leaking from the right eye socket;

c.      Significant injuries to her upper extremities;

d.      Significant bleeding;

e.      Conscious pain and suffering and/or pre-impact fear;

f.      Pain and suffering after the crash;

g.      Death;

h.      Loss of income and future earnings; and

i.      Other losses and damages recoverable by law.

WHEREFORE, Plaintiff, individually and as the Administrator of the Estate of Decedent, demands judgment against Defendant Rustic Ravines in the form of compensatory and punitive damages in excess of $75,000, and all other damages allowed under the law.

**COUNT XIII**
**PRODUCT LIABILTY – NEGLIGENT MISREPRESENTATION**
**CHRISTINE O'KEEFE, individually and as Administrator of the ESTATE OF**
**CYNTHIA FISCHER v. RUSTIC RAVINES, LLC**

117. Plaintiff incorporates by reference the preceding paragraphs as though set forth more fully herein.

118. At all relevant times, Rustic Ravines supplied and/or distributed ATV rental equipment, specifically helmets, to its guests, including Decedent.

119. Rustic Ravines knew Decedent intended to use the half-shell motorcycle helmet and ATV provided to her for the purpose of riding on ATV trails in the Hatfield-McCoy Trails System.

120. At some point during his encounter with Decedent and her boyfriend, Boffo made a misrepresentation about a material fact, specifically, that the half-shell helmets he provided to them would be sufficient to protect their heads while riding the ATV on the Hatfield-McCoy Trails System.

121. Decedent relied upon Rustic Ravines' representations that the half-shell motorcycle helmet provided to her would be fit for her particular intended use, namely riding an ATV on the trails system.

122. The half-shell helmet was not in fact fit for the particular use of riding an ATV on rugged trails insofar as it did not provide complete head, eye, facial, and jaw protection to Decedent in her rollover ATV collision on April 25, 2021.

123.     As a direct and proximate cause of Rustic Ravines' negligent misrepresentation about the sufficiency of the half-shell helmet in providing protection, Decedent suffered the following injuries and damages:

a.     Blunt force trauma to the head, right eye area, and face;

b.     Exposed brain matter leaking from the right eye socket;

c.     Significant injuries to her upper extremities;

d.     Significant bleeding;

e.     Conscious pain and suffering and/or pre-impact fear;

f.     Pain and suffering after the crash;

g.     Death;

h.     Loss of income and future earnings; and

i.     Other losses and damages recoverable by law.

WHEREFORE, Plaintiff, individually and as the Administrator of the Estate of Decedent, demands judgment against Defendant Rustic Ravines in the form of compensatory and punitive damages in excess of $75,000, and all other damages allowed under the law.

Respectfully submitted,

/s/ *Michael P. O'Day*
Michael P. O'Day, Esquire
Pa. ID No.77698
221 Commercial Ave., Suite 200
Aspinwall, PA 15215
(412) 281-1212
(412) 781-7901 (Fax)
michaelodaylaw@gmail.com