IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHRISTINE O'KEEFE
*individually and as Administrator of the*
*ESTATE OF CYNTHIA FISCHER, deceased*,

        Plaintiff,

        v.

RUSTIC RAVINES, LLC, PREMIER
POWERSPORTS RENTAL, LLC,

        Defendants.

22cv1178
ELECTRONICALLY FILED

**MEMORANDUM ORDER**

Before the Court are three motions in this wrongful death lawsuit predicted upon diversity jurisdiction.

First, there is a motion to dismiss filed by Defendant Premier Powersports Rental LLC, "Premier," claiming this Court lacks personal jurisdiction over Premier and that the Western District of Pennsylvania is the improper venue for the instant lawsuit. ECF 12. Second, there is a similar motion to dismiss filed by Defendant Rustic Ravines, LLC, "Rustic," also claiming improper venue and lack of personal jurisdiction. ECF 16. Finally, there is a cross-motion for venue/jurisdictional discovery filed by Plaintiff. ECF 22.

**I. Personal Jurisdiction Analysis**

Personal jurisdiction can be general or specific.

General personal jurisdiction extends to all claims against a defendant and exists where a company is "essentially at home" in the state. *Ford Motor Co. v. Montana Eighth Judicial Court,* 141 S.Ct. 1017, 1024 (2021). Here, because both of the Defendant-companies are incorporated elsewhere and have their principal places of business outside of the Commonwealth

of Pennsylvania, they are not "at home" in Pennsylvania, and thus, general personal jurisdiction does not exist in this case.

Because of this, the Court must consider the specific personal jurisdiction doctrine, which extends only to particular claims. *Id*. The United States Supreme Court recently held that specific jurisdiction:

> . . . covers defendants less intimately connected with a State, but only as to a narrower class of claims. The contacts needed for this kind of jurisdiction often go by the name "purposeful availment." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The defendant, we have said, must take "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The contacts must be the defendant's own choice and not "random, isolated, or fortuitous." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). They must show that the defendant deliberately "reached out beyond" its home—by, for example, "exploi[ting] a market" in the forum State or entering a contractual relationship centered there. *Walden v. Fiore*, 571 U.S. 277, 285, 134 S.Ct. 1115, 188 L.Ed.2d 12 (2014) (internal quotation marks and alterations omitted). Yet even then—because the defendant is not "at home"—the forum State may exercise jurisdiction in only certain cases. The plaintiff 's claims, we have often stated, "must arise out of or relate to the defendant's contacts" with the forum. *Bristol-Myers*, 582 U. S., at ——, 137 S.Ct., 1780 (quoting *Daimler*, 571 U.S., at 127, 134 S.Ct. 746; alterations omitted); see, e.g., *Burger King*, 471 U.S., at 472, 105 S.Ct. 2174; *Helicopteros Nacionales de Colombia, S. A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *International Shoe*, 326 U.S., at 319, 66 S.Ct. 154. Or put just a bit differently, "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.' " *Bristol-Myers*, 582 U. S., at ––– – ——, ——, 137 S.Ct., at 1780 (quoting *Goodyear*, 564 U.S., at 919, 131 S.Ct. 2846).

*Id*. at 1024–25.

Thus, a specific personal jurisdiction analysis requires this Court to consider: First, whether Defendants here purposefully availed themselves – meaning they took deliberate act(s), to reach out beyond their home State(s) into Western Pennsylvania – to connect with the Western

Pennsylvania-based Plaintiff. (Oftentimes, deliberate acts become evident when defendants enter into contractual relationships in the forum state.) Second, the contacts must give rise to – or relate to – Plaintiff's claims. For the contacts to satisfy the second prong, there must be a strong relationship among Defendants, the forum, and the litigation.

Plaintiffs' Complaint against Premier and Rustic reads as follows:

> 12. Venue is proper insofar as this Court has specific personal jurisdiction over the Defendants.
>
> 13. Specifically, at all relevant times, Defendants continuously and systematically targeted advertisements in the form of social media posts and interstate billboards of its resort and ATV rental services to southwestern and western Pennsylvania.
>
> 14. These activities give rise to the instant matter.

ECF 1.

Each of the Defendant's briefs in support of their respective motions to dismiss attach documentation which purportedly enables Defendants to deny at least some of the factual allegations asserted by Plaintiff in paragraph 13 above. Both Premier and Rustic claim they passively advertise their companies through their own websites. Both Defendants claim they do not advertise on billboards located in Pennsylvania. Rustic denied it permitted any sort of any "targeted" advertising through Facebook or other social media platforms.

A passive website, which does little more than make information available to those who are interested in it, is not grounds for the exercise of personal jurisdiction. *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). In *Zippo* it was noted:

> At one end of the spectrum are situations where a defendant clearly does business over the Internet. If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the Internet, personal jurisdiction is proper. At the opposite end are situations where a defendant has simply posted information on an Internet Web site which is accessible to users in

>foreign jurisdictions. A passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction. The middle ground is occupied by interactive Web sites where a user can exchange information with the host computer. In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the Web site.

*Id*., 1124.

Plaintiff's cross-motion requests that this Court permit her to perform additional jurisdictional discovery if this Court is "not inclined to deny the Defendants' motions outright[.]" ECF 23. Plaintiff, like Defendants, attached documentation to her cross-motion which she claims supports her factual allegations set forth in paragraph 13 of her Complaint. Among those documents was a rental agreement with Premier, signed by Plaintiff's decedent, and which shows a booking date of 3/24/2021 – one month prior to decedent's use of the vehicle and the accident date. In addition, Plaintiff offered a snapshot of Rustic's purportedly passive website which offers viewers directions from six different cities – one of which is Pittsburgh, Pennsylvania (299 miles away from Rustic's cabin resort).

Using the *Zippo* analysis, this Court finds that the question of specific personal jurisdiction falls toward the middle of the spectrum. The instant matter does not <u>currently</u> appear to be a case where Defendants have knowingly, intentionally, and repeatedly transmitted their webpages into a foreign jurisdiction (such as the Western District of Pennsylvania) for the purpose of garnering contracts from individuals within that jurisdiction. Nor does this case currently appear to present a situation where Defendants have "simply posted information" on their websites which are accessible to users in foreign jurisdictions. Rather, it appears as though personal jurisdiction in this case falls within the "middle ground," which *Zippo* defined as a case where an interactive website enables the user to "exchange information with the host computer."

4

In these middle ground cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the website. This case also lends itself toward a "middle ground" analysis given Plaintiff's allegation that Defendants' presence and/or activity(ies) on/through social media may have knowingly, intentionally, and repeatedly transmitted their webpages to users in this jurisdiction.

At this juncture of the proceedings, and based on the arguments and documentation presented by each of the Parties to date, it appears to this Court that Rustic's alleged "passive website" may have been a place where a user, such as Plaintiff's decedent, was able to exchange information with Rustic's computer. In this particular case, it also appears to this Court as though the ATV which decedent allegedly rented from Premier, may have been rented through Rustic (see paragraphs 17 and 18 of the Complaint filed at ECF 1), and may have been booked through Rustic's website, approximately one month prior to the date of the use of the ATV and Decedent's death. See ECF 23-1, p. 4. Additional jurisdictional discovery could either solidify or disprove these allegations as they relate to specific personal jurisdiction. Additional discovery could also provide other facts that could further illustrate or disprove that one or both Defendants had the requisite minimum contacts necessary to be hailed into this Court.

"As a general rule, jurisdictional discovery is allowed unless the claim of jurisdiction is 'clearly frivolous.'" *LaSala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 478 (3d Cir. 2011) citing *Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 456 (3d Cir. 2003). "In order to demonstrate that the claim is not clearly frivolous, the plaintiff must 'present[ ] factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state.'" *Id.* The United States Court of Appeals for the Third Circuit "has cautioned against allowing jurisdictional discovery to serve as 'a fishing

expedition based only upon bare allegations, under the guise of jurisdictional discovery.'" *LaSala, supra.,* quoting *Eurofins Pharma U.S. Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 157 (3d Cir. 2010).

Turing to the instant case, the Court finds that Plaintiff's allegations are not "clearly frivolous." To this end, the Court notes it is common knowledge that unlike a passive website, there are targeted forms of social media advertising (available through social media platforms, including Facebook), which allow entities to "target" specific users with a specific interest or within a particular geographic location ("geotargeting"). Target advertising through social media platforms enables an advertiser to present its product or service to users who are more likely to be interested in the product or service than the broader, general public. Defendant Rustic admits to using Facebook, although it denies targeted advertising. Therefore, discovery which seeks to determine if either or both Defendants engaged in targeted advertising either through Facebook or other social platforms, would assist the Court in reaching its decision as to whether specific personal jurisdiction exists in this case.

In addition, the Court notes that Plaintiff's brief in support of her cross-motion indicates that Defendant Rustic listed its cabins through "Airbnb." The Court is unclear what relationship – if any – advertising through Airbnb may have to establishing specific personal jurisdiction over Defendants. However, if Plaintiff is seeking a factual basis to demonstrate that Rustic, through its Airbnb advertising, either knowingly geotargeted (or otherwise targeted) Plaintiff's decedent, Plaintiff should be permitted to discover that information to assist this Court in deciding the specific personal jurisdictional issue raised by Defendants.

Finally, Plaintiff seeks discovery as to the number of contracts Defendants have entered into on an annual basis with residents of Western Pennsylvania, and the total amount of revenue

generated from Western Pennsylvania residents. The Court finds that this information, along with the above-referenced information into targeted advertising through social media (*i.e.,* Facebook) and possibly other platforms (*i.e.*, Airbnb) resides solely in the possession of Defendants. Given: (1) Plaintiff's factual averments in her Complaint, (2) the use of Facebook and Airbnb by at least Defendant Rustic, and (3) the agreement with Premier, the Court finds that Plaintiff has justified her request for jurisdictional discovery. The Court further finds that the limited nature of this discovery will prevent any "fishing expeditions."

## II. Conclusion

Based on the foregoing law and analysis, this Court will deny the each of the motions to dismiss filed by Defendants, and will grant Plaintiff's Cross-Motion for jurisdictional discovery.

**ORDER**

AND NOW this 5th day of January , 2023, the Court hereby DENIES WITHOUT PREJUDICE:

(1) Premier Powersport's Motion to Dismiss (ECF 12); and

(2) Rustic Ravine's Motion to Dismiss (ECF 16).

The Court hereby GRANTS Plaintiff's Cross-Motion for Venue/Jurisdictional Discovery (ECF 22). Plaintiff is permitted to conduct limited jurisdictional discovery as discussed in greater detail above. Any depositions may be conducted via Zoom or Microsoft Teams. All discovery must be completed by February 3, 2023.

Each Defendant may renew its original motion to dismiss and a file supplemental brief, if warranted, on or before February 10, 2023, following the close of the jurisdictional discovery period. If either or both Defendants renews its original Motion to Dismiss and files a

supplemental brief, Plaintiff shall file one Response to any renewed motions on or before February 16, 2023. In the event a Defendant opts not to file a renewed Motion to Dismiss, that Defendant's Answer to the Complaint shall be due on February 10, 2023.

                                     SO ORDERED BY THE COURT, this 5th day of January, 2023,

                                     s/ Arthur J. Schwab
                                     Arthur J. Schwab
                                     United States District Court Judge

cc:  All ECF Counsel of Record