IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTINE O'KEEFE, individually and as Administrator of the ESTATE OF CYNTHIA FISCHER, deceased,<br>　　　　　　Plaintiff,<br>　　v.<br>RUSTIC RAVINES, LLC, a West Virginia limited liability company; PREMIER POWERSPORTS RENTAL, LLC, a Kentucky limited liability company,<br>　　　　　　Defendants. | No. 2:22-cv-1178<br><br>Judge Arthur J. Schwab |

MEMORANDUM OF LAW IN SUPPORT OF RENEWED
MOTION TO DISMISS OF RUSTIC RAVINES, LLC

　　　　Rustic Ravines incorporates the recitation of facts and legal arguments contained in its prior Memorandum of Law in Support of Motion to Dismiss (Doc. 17) and its Response to Motion for Jurisdictional Discovery (Doc. 24) filed herein. Additionally, Rustic Ravines states as follows in support of its Renewed Motion to Dismiss, filed contemporaneously herewith:

**Facts:**

　　　　On January 5, 2023, this Court entered a Memorandum Order permitting discovery on jurisdiction. Doc. 26. On January 18, 2023, Plaintiff served her Request for Production of Documents on Defendant; on January 19, 2023, Plaintiff served the Notice of Deposition on Rustic Ravines, attached hereto as Exhibit A.

　　　　On January 27, 2023, Rustic Ravines served its Responses to Plaintiff's discovery requests. A true and correct copy of Rustic Ravines' Responses are attached hereto as Exhibit B.

Additionally, Rustic Ravines provided Plaintiff with more than 1,000 pages of documents. On February 3, 2023, the deposition of Rustic Ravines and Premier Powersports were held.

No evidence came to light which would support jurisdiction over Rustic Ravines in this case. To the contrary, Rustic Ravines' statements in support of its original Motion to Dismiss that Rustic Ravines did not advertise in Pennsylvania and, specifically, that Rustic Ravines did not geo-target advertisements to Pennsylvania were corroborated. Moreover, even assuming Rustic Ravines advertised in Pennsylvania (which it did not), there is no connection between Rustic Ravines' advertising and Plaintiffs' claims.

Rustic Ravines' primary social media tool is Facebook. *See*, Deposition Transcript of Joe Boffo, relevant portions attached hereto as Exhibit C, p.15:9. Rustic Ravines has "no way of identifying . . . or controlling" the geographic scope of its Facebook reach. *Id.* 41:15-18. Rustic Ravines never picked geographic locations for its Facebook presence. *Id.* at 38:14-17.

Rustic Ravines does not maintain an advertising budget. *Id.* at 70:3-5. Rustic Ravines "[did not] buy geocentric targeting or geographic targeting or pay-for-clicks or SEO authorization." *Id.* at 34:1-9. Rustic Ravines does maintain listings on booking websites such as Glamping Hub, Airbnb, Booking.com, and others. However, Rustic Ravines did not offer special pricing based on geography or use any geolocation targeting in the use of these booking websites. *Id*. at 44:16-21; 47:7-12. In short, when asked if Rustic Ravines had ever "tried to geographically target anybody," Rustic Ravines answered "No." *Id.* at 57:15-20. When asked again more specifically, Rustic Ravines disposed of the issue more emphatically:

> Q: You've said this before, so I'll ask it: You've never geotargeted through any platform any location or customer?
> A: Not in Pennsylvania or any other state or city, no. No, I have not. I just don't do it. I know it sounds crazy, but it's true.

*Id.* at 70:9-14.

The documents produced by Rustic Ravines back up Mr. Boffo's testimony that Rustic Ravines did not target Pennsylvania. Attached hereto as Exhibit D is a Facebook "Insights" summary produced by Rustic Ravines in discovery. Among other things, this document shows the top cities and countries of Facebook page followers from December 20, 2019 through January 19, 2023. None of the cities shown are in Pennsylvania. The lowest percentage of followers shown is Columbus, Ohio at 1.2%. Any individual municipality in Pennsylvania would therefore seem to be less than 1.2% of Rustic Ravines' "followers." If Rustic Ravines had targeted its Facebook activities to Pennsylvania, it would be reasonable to expect *even one* Pennsylvania city to appear on the top 10. Instead, each town or city shown is geographically close to Rustic Ravines' business. This is consistent with Mr. Boffo's statement that Rustic Ravines' social media advertising was limited to whatever happened "organically." Exh. C, 11:2-7.

While Rustic Ravines did not geo-target its advertising, it did generate revenue from out-of-state residents, including Pennsylvania residents. *Id.* at 70:16-17. The manner in which Rustic Ravines keeps its records does not make identification of the amount of revenue generated from Western Pennsylvanians an easily calculable figure. Rustic Ravines maintains an index card for each booking which in many cases includes the city and state of residence of the customer and the amount charged. *Id.* at 19-22; Exhibit B, No. 8.

For the calendar years 2021 and 2022, Rustic Ravines received a Tourism Development Grant from the State of West Virginia. *Id.* at 53. Forms completed by Rustic Ravines for the Grant identify the city and state where Rustic Ravines' customers originated. *Id.* at 71. After the deposition, Rustic Ravines calculated that approximately 5.7% of Rustic Ravines bookings in 2021 came from locations within the Western District of Pennsylvania (25 out of 432) and that 2.7% of 2022 bookings originated from locations with the Western District of Pennsylvania (8 out of 293).

3

However, it is clear from Mr. Boffo's deposition testimony that any Pennsylvania residents who were customers of Rustic Ravines were not "targeted."

Key to this case, Plaintiff's decedent found Rustic Ravines by a "word-of-mouth referral" from Premier Powersports. Boffo Depo. 75:2-7. She booked with Rustic Ravines over the telephone, not over the internet. *Id.* 75:8-13. Ultimately, the accident occurred on property owned by a non-party to this action on the Hatfield-McCoy Trail System.[1] Complaint ¶28.

**Law and Argument:**

When a defendant challenges the court's personal jurisdiction, the ***plaintiff*** bears the burden "to come forward with sufficient facts to establish that jurisdiction is proper." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020) (emphasis added); *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).

The plaintiff's burden is to establish sufficient contacts with "reasonable particularity." *Mahurin v. BMW of N. Am., LLC*, No. CV 20-1351, 2022 WL 825436, at *3 (W.D. Pa. Mar. 18, 2022). Evidence of efforts "'to exploit a national market' that 'necessarily included Pennsylvania' are insufficient'" to sustain this burden. *Mahurin*, 2022 WL 825436, at *5 (W.D. Pa. Mar. 18, 2022), citing, *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018).

Since the Plaintiff in this case has alleged specific jurisdiction, it is the Plaintiff's burden to establish that jurisdiction is proper under that legal framework. Complaint ¶12.

"There are two prongs to the specific jurisdiction analysis. First, there must be purposeful availment: minimum contacts with the forum state that show the defendant took a deliberate act reaching out to do business in that state." *Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021). If

---

[1] The Hatfield-McCoy Trail System is a trail system under the control of the Hatfield-McCoy Regional Recreation Authority, a public corporation created by the West Virginia Legislature. W. Va. Code § 20-14-1, *et. seq*.

the plaintiff shows "minimum contacts," "second, the contacts must give rise to—or relate to—plaintiff's claims." *Id.* Plaintiff in this case can establish neither of these requirements.

### I. Rustic Ravines Did Not Have Minimum Contacts with Western Pennsylvania.

Plaintiff's discovery during the jurisdictional discovery period permitted by the Court was entirely directed towards the minimum contacts provision of the specific jurisdiction analysis. Despite receiving over 1,000 pages of documentation from each defendant and deposing corporate representatives of both defendants, Plaintiff did not obtain sufficient evidence to carry her burden to establish personal jurisdiction.

A defendant may be subject to specific jurisdiction only where it conducts "some act by which [it] purposefully avails itself of the privilege of conducting activities within the forum State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 209 L. Ed. 2d 225, 141 S. Ct. 1017, 1024–25 (2021). Further, the defendant's actions must not be "random, isolated, or fortuitous;" "they must show that the defendant deliberately 'reached out beyond' its home—by, for example, 'exploi[ting] a market' in the forum State or entering a contractual relationship centered there." *Id.*

A defendant's contacts with the forum that are unrelated to the cause of action such as making purchases from or visiting the forum for reasons unrelated to the claim are insufficient to vest a court with specific personal jurisdiction. *See, Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 418, 104 S. Ct. 1868, 1874, 80 L. Ed. 2d 404 (1984).

When part of the alleged minimum contacts are internet-related, "the propriety of exercising jurisdiction depends on where on a sliding scale of commercial interactivity the web site falls." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452 (3d Cir. 2003). "In cases where the defendant is clearly doing business through its web site in the forum state, **and where the**

**claim relates to or arises out of use of the web site**, . . . personal jurisdiction exists. *Id., citing, Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119 (W.D. Pa. 1997) (emphasis added). There is a "requirement that the defendant intentionally interact with the forum state via the web site in order to show purposeful availment and, in turn, justify the exercise of specific personal jurisdiction." *Id.*

In this case Plaintiff has alleged that "Defendants continuously and systematically targeted advertisements in the form of social media posts and interstate billboards…" Complaint ¶13. The discovery taken in this matter has not shown any support for these allegations. As a result, Plaintiff has not satisfied her burden to show that Rustic Ravines has the required "minimum contacts" with this forum. On the contrary, Mr. Boffo's deposition testimony clearly shows that Rustic Ravines made no efforts to reach into Pennsylvania (or any other state) to actively solicit business.

> II. **Even if Rustic Ravines had Minimum Contacts with Pennsylvania, the Contacts did not "Give Rise To," or "Relate To" Plaintiff's Claims.**

There is no evidence that Rustic Ravines' advertising "gave rise to" or "relates" to the tort alleged in this case. As a result, Plaintiff cannot establish the second requirement of specific personal jurisdiction, and the lawsuit against Rustic Ravines should be dismissed or transferred to another court.

To satisfy the second requirement of specific personal jurisdiction, there must be "**a strong 'relationship** among the defendant, the forum, and the litigation.'" *Hepp*, 14 F.4th at 208 (emphasis added). *Hepp* involved the misappropriation of a newscaster's photograph on the websites Reddit and Imgur. *Id.* at 206-07. The companies conceded that they had constitutionally minimum contacts with Pennsylvania based on their online presence, but contested that the contacts "gave rise to" or "related to" Plaintiff's claims. *Id.* at 207-08.

6

The Third Circuit contrasted *Hepp* with the facts of *Ford Motor Co.* where Ford was subject to jurisdiction because Ford "urged state residents to buy the types of cars in the accidents" "by every means imaginable." *Id.* at 208, *citing, Ford Motor Co.*, 141 S. Ct. at 1028.  In contrast, even though "Imgur and Reddit purposefully availed themselves of the Pennsylvania market . . . those contacts do not relate to this litigation" brought by Ms. Hepp.  *Id.*

The *Hepp* court concluded that "the alleged contacts do not relate to misappropriation, and the alleged misappropriation does not relate to any of the contacts."  This was true even though Imgur had an online merchandise store that sold products to Pennsylvanians and Reddit had a premium membership business and an online community organized around Philadelphia.  *Id*; *see also Luster v. Reed*, No. CV 22-672, 2022 WL 3586657, at *5 (W.D. Pa. Aug. 22, 2022) (participation in dog shows in Pennsylvania did not "give rise to" or "relate to" the litigation of defamation and other tort claims).  Under the facts of *Hepp*, "none of these contacts form[ed] a strong connection to the misappropriation of Hepp's likeness. Hepp did not allege the merchandise featured her photo. Nor did she allege Imgur and Reddit used her likeness to sell advertising. Finally, she did not claim the photo was taken, uploaded, or hosted in Pennsylvania."  *Id.*

The Plaintiff's decedent died as a result of injuries from an ATV accident.  Complaint ¶15.  Plaintiff appears to allege that the ATV was picked up at Rustic Ravines property.  Complaint ¶21-28.  However, the nature of the advertising on which Plaintiff relies in support of jurisdiction consists of social media advertising and revenue only from *renting cabins*.  *See generally*, Exhibit B.  There is no evidence whatsoever that Rustic Ravines advertised ATV rentals, and certainly none that were targeted to the decedent or to Pennsylvania residents more generally.

Plaintiff's jurisdictional argument is similar to the unsuccessful argument made by the plaintiff in *Malik v. Cabot Oil & Gas Corp.* No. CV 15-7078, 2016 WL 2930511, at *4 (D.N.J.

May 19, 2016), *aff'd,* 710 F. App'x 561 (3d Cir. 2017).  In *Malik*, the plaintiff (a New Jersey resident) attempted to sue his employer in New Jersey for a slip and fall injury that occurred in Pennsylvania.  Even though the Plaintiff alleged (without evidence) that the employer recruited employees in New Jersey and it was foreseeable that New Jersey employees would be working in Pennsylvania oil and gas fields, the injury did not relate to the employer's alleged New Jersey activities.  *Id.*

Likewise, the claim in this case is unrelated to Rustic Ravines' alleged advertising.  Even assuming that Rustic Ravines advertised in Pennsylvania (which it did not) and assuming that decedent took possession of the ATV on Rustic Ravines property as alleged in the Complaint, there is no correlation between the alleged advertising of cabin rentals and Plaintiff's claims relating to ATV rental and use on property controlled by the State of West Virginia.

The facts of this case recall the words of the Third Circuit in *Hepp*: the advertising of cabins does not relate to the ATV accident and the ATV accident does not relate to the advertising of cabins.  Any connection between alleged cabin advertising and an ATV accident is simply too tenuous to satisfy jurisdictional requirements of "a strong 'relationship among the defendant, the forum, and the litigation.'"  *Hepp*, 14 F.4th at 208.  Accordingly, there is no jurisdiction over Rustic Ravines.

**Conclusion:**

According to Plaintiff, Rustic Ravines' advertising of its West Virginia campground represents sufficient contact with Pennsylvania for jurisdiction over claims related to an ATV accident in West Virginia.  However, there is no evidence that Rustic Ravines geographically targeted any advertising to Pennsylvania or that any social media activity or other activity of Rustic Ravines related to Plaintiff's claims.

Wherefore, Rustic Ravines respectfully submits that there is no basis for personal jurisdiction over it in this case and the Court should dismiss the claims against Rustic Ravines.

Respectfully submitted,

/s/Michael R. Proctor
J. Mark Adkins (Pa. ID 313307)
Damon R. Thomas (Pa. ID 89497)
Michael R. Proctor (Pa. ID 311040)
1800 Main St, Ste 200
Canonsburg, PA 15317
724-514-8915
724-514-8954 (fax)
madkins@bowlesrice.com
dthomas@bowlesrice.com
mproctor@bowlesrice.com
Counsel for Defendant, Rustic Ravines, LLC

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2023 I served a true and correct copy of the foregoing Memorandum of Law in Support of Motion to Renewed Dismiss of Rustic Ravines upon those persons registered to receive electronic notices in this case by means of the Court's EM/ECF noticing system.

/s/Michael R. Proctor
Michael R. Proctor

15430644.1